IRA NOYES, 2D *vs.* THE INHABITANTS OF HAVERHILL.

A sale of bank shares for nonpayment of town taxes, under *St.* 1846, ɔ. 195, must be within seven days after the seizure, according to Rev. Sts. *c.* 8, § 8, or the sale is void, and passes no title to the purchaser.

If the return of the tax-warrant shows that such sale was made twenty days after seizure, the bank are not bound to issue a certificate of the shares to the purchaser, for the owner's title is not devested.

In such case the owner cannot maintain assumpsit against the town to recover the proceeds of the sale which have been paid into the town treasury.

ASSUMPSIT to recover the amount of a tax alleged to have been illegally assessed and collected of the plaintiff, and also to recover the value of one share of the Merrimack Bank, sold by the defendants to pay said tax. At the trial in the court of common pleas, before *Merrick*, J. it appeared that the treasurer and collector of Haverhill, issued his warrant to a constable of said town, who took and sold said bank share, having kept the same twenty days after he seized it, all which appeared upon his return. After deducting the expense of said sale, he paid over the amount of said tax and cost to the treasurer of said town; and said money was appropriated to the use of said town, in said treasurer's hands. The constable paid over the surplus to the plaintiff.

The defendants, admitting the sale to have been illegal and void, contended that the plaintiff could not maintain this action for the amount of said tax, because the property in said share did not pass by the sale to the purchaser, and there-

fore no money of the plaintiff's went into the treasury of the defendants.

The plaintiff then offered to waive the objections to the legality of the sale, and to go to trial upon the legality of the assessment, but the court ruled that it was not competent for the plaintiff so to waive the objection as to maintain this action. The verdict was for the defendants, and to the above rulings the plaintiff excepted. The case was determined at the sittings in Boston, in January 1854.

*B. F. Butler*, for the plaintiff. The case finds that the defendants received the proceeds of a sale of plaintiff's bank share, seized and sold by their officer on a collector's warrant for nonpayment of taxes assessed by defendants. 1. Notwithstanding the admitted illegality of the sale, the bank share passed to the purchaser. *St.* 1846, *c.* 195; Rev. Sts. *c.* 97, §§ 39, 40; *Smith* v. *Northampton Bank*, 4 Cush. 1. 2. The officer, by not selling the property within the time prescribed by law, became a trespasser *ab initio*. *Pierce* v. *Benjamin*, 14 Pick. 356; Rev. Sts. *c.* 8, §§ 1, 7, 8. 3. In all cases of tortious taking of goods, and conversion of the same into money, the plaintiff may waive the tort and sue for money had and received. *Miller* v. *Miller*, 7 Pick. 133; *Jones* v. *Hoar*, 5 Pick. 285. 4. If goods of the plaintiff are wrongfully distrained and sold, and the money paid over to the principal, an action for money had and received may be maintained against him. *Summer* v. *First Parish in Dorchester*, 4 Pick. 361; *Ingraham* v. *Doggett*, 5 Pick. 453; *Inglee* v. *Bosworth*, 5 Pick. 503; *Sadler* v. *Evans*, 4 Bur. 1984. 5. The officer being the agent of the defendants, the trespass of the officer was the trespass of the defendants, and both could have been joined in trespass; and when the tort is waived, joint trespassers may be sued jointly in assumpsit. *Gilmore* v. *Wilbur*, 12 Pick. 120; *Joyner* v. *Egremont*, 3 Cush. 567, 571–73.

*J. G. Abbott*, for the defendants.

BIGELOW, J. The sale of the bank share was clearly illegal, because the collector did not comply with the requirements of law in his proceedings under the warrant. By Rev. Sts. *c.* 8, § 8, and *St.* 1846, *c.* 195, § 3, the sale should have been made

within seven days after the share was seized. It was not in fact made until twenty days after. The collector therefore acted entirely without authority of law in making the sale, and his proceedings were void *ab initio.* *Pierce* v. *Benjamin,* 14 Pick. 356. It follows, that they did not operate to pass the title of the plaintiff to the share which was seized, nor did they authorize the officers of the bank to issue a certificate therefor to the purchaser. The illegality of the collector's doings was apparent on the face of his return. By Rev. Sts. c. 97, § 40, the collector is required to leave with the officer of the bank, whose duty it is to record transfers of shares, a copy of the warrant and return. The purpose of this provision is to notify the bank of his proceedings, and to enable the purchaser to receive a certificate of the shares bought by him. But if the doings of the collector were illegal and void, so that no title to the shares passed by the sale, and this was apparent on the face of the officer's return, no certificate could properly be issued thereon to the purchaser. In the present case the bank had notice of the irregularity, and could not have been justified in transferring the share. The case of *Smith* v. *Northampton Bank,* 4 Cush. 1, is not like the case at bar. That decision proceeded on the ground that the illegality was in the assessment of the tax. The warrant and the doings of the collector under it were regular and valid on their face, and therefore authorized a transfer of the shares by the officer of the bank. Besides; in the present case it does not appear that any transfer of the share belonging to the plaintiff ever has been made to the purchaser under the collector's sale. There is no proof, therefore, that the money in the hands of the defendants belongs to the plaintiff. His title to his property has never been devested. He still owns it, and cannot claim to recover its proceeds. The doings of the collector were simply void. The rights of parties were not affected by them. The share remained the property of the plaintiff, and the money paid to the collector belonged to the purchaser, who obtained no title to the share under the collector's sale.

The case at bar is widely different from a sale of personal property under process of law, where actual possession is

taken by the officer and a delivery made to the purchaser. In such case the owner is deprived of his possession and enjoyment. The right of the party to his property is disturbed. If the proceedings are unlawful, a trespass is thereby committed for which he has a remedy, either in tort, or, in case of a sale of the property, by assumpsit for the proceeds, if he elects to waive the tort. But in the present case no injury has been done to the plaintiff. Neither his title nor his possession have been infringed upon or disturbed by the officer's proceedings. He has therefore no cause of action; not in trespass or trover, because he shows no invasion of his right of property or possession; not in assumpsit, because having suffered no injury, there is no tort which he can waive; nor is there any money in the hands of the defendants, to which he is in equity and good conscience entitled. *Murray* v. *Cargill*, 2 Redington, 517. This view of the case renders it unnecessary to determine whether the defendants could in any aspect of the case be held liable for the illegality of the collector's proceedings.                                    *Exceptions overruled.*